NEW YORK COUNTY.—HON. D. G. ROLLINS, SUR-
ROGATE.—November, 1882.

## MATTER OF ALLEN.

*In the matter of the estate of* EDWARD W. ALLEN,
*deceased.*

An applicant for letters of administration, with the will of a decedent an-
nexed, must bring himself within the terms of Code Civ. Pro., §
2643, which prescribes the order of priority among, and defines, the
persons successively entitled to such letters.

*It seems,* that, though by reason of the repeal, in 1880, of the section of
the R. S. (part 2, ch. 6, tit. 2, § 17) which denied to the executor
of an executor authority to administer, as such, upon the estate of
the first testator, etc., there is now no explicit statute to that effect,
the abrogation of that section was not designed to effect any change
in the law, as is evidenced, *ex. gr.*, by the preservation of R. S., part
3, ch. 8, tit. 3, § 11, which is of a similar tenor.

The Revised Statutes, by a provision which is embodied in Code Civ.
Pro., § 2643, abrogated the right, recognized in certain English cases,
of the personal representative of a residuary legatee to letters of ad-
ministration, with the will annexed, upon the estate of the latter's
testator.

APPLICATION by John S. Smith, executor of the will
of Clara Allen, who was executrix of decedent's will,
for letters of administration, with the last mentioned
will annexed. The facts appear sufficiently in the
opinion.

JAMES S. STEARNS, *for petitioner.*

THE SURROGATE.—The will of decedent was admitted
to probate in this court, in 1877. Clara Allen, who was
named therein as executrix, duly qualified as such, and
acted in that capacity for three years. In 1880, before
she had rendered an account, she died leaving a will

which has since been admitted to probate, and which appointed John S. Smith her executor. He is now acting as such under letters testamentary, and applies, in this proceeding, for letters of administration, with the will annexed, on the estate of this decedent, claiming to be entitled thereto as executor of said Clara Allen, who, under the will of this decedent, was made his residuary legatee.

In the absence of a statutory provision governing the subject, the claim of the petitioner would seem to be well founded. In several English cases it has been held that, where the residuary legatee survived the testator, his representative had the same right to administration, *cum testamento annexo*, as the residuary legatee himself, and was, therefore, entitled to administer, in preference to the next of kin and to legatees,—and, as a corollary of that proposition, that, if the executor himself were also residuary legatee, and *died intestate*, not having fully administered, administration with the will annexed was due to his representative, and *not* to the next of kin of his testator (Williams on Executors, *6th ed., 531*). It has also been repeatedly decided, in the English courts, that any interest which vested in an executor by a testator's will could be kept alive by the will of such executor, and that to such person as he might appoint his own executor would be transmitted the entire representation of the original testator (id., *537*).

But the legislature of this State long since prescribed a rule upon the subject, that makes inapplicable the decisions upon which the petitioner relies. To the letters for which, as Clara Allen's executor, this petitioner

makes application, he does not show title, either by reason of her being executrix of this decedent, or by reason of her being his *residuary legatee*.

The continuance of an executorship by will was abrogated by our Revised Statutes (part 2, ch. 6, tit. 2, § 17; *3 Banks, 6th ed.*, *75*); which provided that "no executor of an executor shall as such be authorized to administer on the estate of the first testator; but on the death of the sole or surviving executor of any last will, letters of administration, with the will annexed, of the assets of the first testator left unadministered, shall be issued in the manner," etc.

This section was repealed by chapter 245 of the laws of 1880, the general repealing act, which went into effect simultaneously with the second part of the Code of Civil Procedure.

There is now no explicit statute which denies the right of an executor's executor as such to administer on the first testator's estate. But upon examination of other statutory provisions, it seems manifest that this repeal was not designed to effect any change in the law upon the subject under discussion. Section 11 of title 3, ch. 8, part 3 (*3 Banks, 6th ed.*, *733*) was in force before that repeal, and is in force still; it provides that "an executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects or rights of the testator of the first executor, or to take any charge or control thereof, as such executor."

It is, however, unnecessary to decide whether the petitioner has any right to deal with this estate, in his capacity of the executor of decedent's executor, aside

from any authority he might acquire by letters of administration. He seeks, by the present proceedings, to obtain such letters, and his claim cannot under the statute be maintained.

Section 2643 of the Code of Civil Procedure declares the order of priority, in the issue of letters of administration with the will annexed. Some one of the residuary legatees is first entitled; next some other legatee, next the husband or the wife, or one of the next of kin or heirs or devisees; next a creditor, and lastly (in the event of the renunciation of all the persons belonging to the foregoing classes), any proper person designated by the Surrogate.

The petition must, therefore, be denied.